IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN WILSON, JR., | : | 4:09-cv-2566 |
| | : | |
| Plaintiffs, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| LOCK HAVEN UNIVERSITY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**April 11, 2011**

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge William T. Prince filed on March 22, 2011 (Doc. 29), that recommends we grant the Defendants' Motion for Summary Judgment (Doc. 16) in its entirety and close this case. Objections to the R&R were filed by Plaintiff John Wilson, Jr. ("Plaintiff" or "Wilson") on April 4, 2011. (Doc. 30). Accordingly this matter is ripe for our review.

For the reasons that follow, the R&R shall be adopted in its entirety, the Defendants' Motion for Summary Judgment shall be granted, and this case shall be closed.

**I.      STANDARDS OF REVIEW**

### A. Objection to Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the

moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement

about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## II. DISCUSSION

On December 30, 2009 Plaintiff, the former head men's basketball coach at Lock Haven University ("Lock Haven"), filed this action against Defendants Lock Haven and Sharon E. Taylor, the Athletic Director at Lock Haven. The three-count complaint includes allegations of a hostile work environment and racial discrimination, in violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to 2000e-17, and the Pennsylvania Human Relations Act (PHRA), 43 Pa. Cons. Stat. §§ 951-963. Plaintiff is African-American.

The facts that form the basis of this action are essentially undisputed. Because Magistrate Judge Prince undertook a painstaking recitation of the undisputed facts within his R&R, we shall not endeavor to recite them herein but instead shall refer the reader to pages 3 to 16 of the R&R for that summary. In

short, the Plaintiff alleges that he suffered adverse employment actions[1] at the hands of the Defendants based upon his race. Notably, Plaintiff does not dispute that from 2002 to 2009 he received numerous sub-par performance reviews, based on, *inter alia*, the team's win-loss record, the low grade point averages of his team members, various budgetary issues, including scholarships and fund-raising, and several documented NCAA rules violations.

Magistrate Judge Prince recommends that the Defendants' Motion for Summary Judgment be granted, concluding that, while Plaintiff has stated a *prima facie* case for racial discrimination under Title VII and the PHRA, the Defendants have adequately rebutted the presumption of discrimination with legitimate, non-discriminatory reasons, and that the Plaintiff has not produced any evidence tending to show Defendants' reasons were pretext.[2]

In his objections, Plaintiff reargues that the evidence already presented in the record before Magistrate Judge Prince shows that the Defendants' proffered reasons for terminating him were pretext. To be sure, Plaintiff has offered no direct evidence of discrimination, thus his task is to show that the Defendants'

---

[1] The adverse actions included unsatisfactory performance reviews that made Plaintiff ineligible for a merit-based pay raise, as well as the non-renewal of Plaintiff's employment contract.

[2] See page 19 of the R&R for a summary of the *McDonnell Douglas Corp. v. Green* burden-shifting analysis applied to racial discrimination claims. 411 U.S. 792 (1973).

reasons were "weak, incoherent, implausible or so inconsistent that 'a reasonable factfinder could rationally find them unworthy of credence.'" *Sarullo v. U.S. Postal Serv.*, 352 F. 3d 789, 800 (3d Cir. 2003) (quoting *Keller v. Orix Credit Alliance, Inc.*, 130 F. 3d 1101, 1108-09 (3d Cir. 1997)). Alternatively, Plaintiff may provide "evidence that 'the employer's articulated reason was not merely wrong, but that it was so plainly wrong that it could not have been the employer's real reason.'" *Id.* (quoting *Jones v. Sch. Dist. of Phila.*, 198 F. 3d 403, 413 (3d Cir. 1999)). Within his objections, just as in his brief in opposition to the summary judgment motion, Plaintiff makes only conclusory arguments that "Plaintiff has submitted that he was treated differently than non-African-American coaches and in doing so, Plaintiff submits that Defendant, in making its decision to no longer employ Plaintiff, was motivated by discriminatory reasons rather than legitimate ones." (Doc. 30, ¶ 9). Self-serving arguments such as these do not suffice to overcome Defendants' *multiple* proffered legitimate non-discriminatory reasons for, *inter alia*, not renewing Plaintiff's employment contract.

We further note that Plaintiff does not object to Magistrate Judge Prince's recommendation that summary judgment be granted with respect to his hostile work environment claim. As discussed by Magistrate Judge Prince, the burden for establishing a hostile work environment claim is high, and mere "offhanded

comments" or "isolated incidents" are insufficient to sustain such a claim. Rather, the "conduct must be extreme enough to amount to a change in the terms and conditions of employment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)(citations omitted). We agree with Magistrate Judge Prince that there is absolutely no evidence, direct or otherwise, of racially charged conduct that rises to the level of a hostile work environment.

## III.  CONCLUSION

Accordingly, based on the foregoing, the Plaintiff's objections to the R&R shall be overruled and the R&R shall be adopted in its entirety. An appropriate Order shall issue.